**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**CHERYL R. JORDAN,**

    **Plaintiff,**

    **v.**                         **Case No. 2:22-cv-167**

**SCHOOL BOARD OF
THE CITY OF NORFOLK,
d/b/a NORFOLK PUBLIC SCHOOLS,**

    **Defendant.**

## MEMORANDUM IN SUPPORT OF THE DEFENDANT'S
## MOTION IN LIMINE REGARDING SPECULATIVE EVIDENCE

**COMES NOW** the Defendant, the School Board for the City of Norfolk ("School Board" or "Defendant"), by counsel, and pursuant to Rule 402 and the other Federal Rules of Evidence, hereby files its Memorandum in Support of its Motion in Limine Regarding Speculative Evidence.

## OVERVIEW

In this action against the School Board ("Board" or "NPS") for alleged violation of the Americans with Disabilities Act for failure to accommodate and retaliation against the Plaintiff, Cheryl Jordan ("Jordan"), the Board anticipates that multiple categories of speculative evidence and testimony may be presented by Jordan and her witnesses, based on Jordan's discovery responses and depositions conducted in this case. The Board accordingly moves to exclude such evidence, testimony, and argument as speculative and lacking foundation.

## ARGUMENT

**A. Legal Standard**

As a general matter, testimony and evidence that is based on speculation is not admissible. "'Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses-i.e., testimony not based upon the witness's perception-is generally considered inadmissible.'" *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006) (quoting *Washington v. Dep't of Transp.,* 8 F.3d 296, 300 (5th Cir.1993)); *see also Hamstead v. Walker*, No. 20-1650, 2022 WL 5133569, at *6 (4th Cir. Oct. 5, 2022) ("As the district court correctly found, those statements were inadmissible as lay witness opinions because they were neither founded upon her personal observations nor grounded in any record evidence.").

Rule 701 of the Federal Rules of Evidence states:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Similarly, Rule 602 provides that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Evidence or testimony without a proper foundation should be excluded under Rules 401, 402, and 403. *See, e.g., Bilenky v. Ryobi Ltd.*, No. 2:13CV345, 2014 WL 12591078, at *7 (E.D. Va. Oct. 22, 2014). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

**B. Proposed evidence and testimony that is speculative and without foundation**

There are several general categories of evidence and testimony that the Board anticipates Jordan intends to present at trial that should be excluded as speculative and without adequate foundation. These categories include the following:

First, evidence and testimony regarding asbestos and fiberglass should be excluded. No doctor has ever attributed any of Jordan's conditions to exposure to either substance. Jordan's personal beliefs that she was exposed to either fiberglass or asbestos is speculative and without foundation, and she is not qualified to identify either substance. Mention of these substances is not relevant and risks confusing the issues and misleading the factfinder.

Second, Jordan should be precluded from offering any evidence and testimony regarding the health concerns of other individuals, such as co-workers, other NPS employees, and students. In addition to implicating the privacy rights of minor students as well as other employees, evidence about the health concerns of other people is not relevant to Jordan's claims for failure to accommodate or retaliation under the ADA. Both of those claims depend on the particular facts of Jordan's own allegedly disabling health conditions, not those of other persons. Furthermore, no evidence has been identified to establish to any degree of medical certainty that the health concerns of other individuals were caused in any way by NPS buildings. Any testimony about the health of other people is speculative, and even assuming such evidence was relevant to some degree, it should be excluded under Rule 403 because it poses a substantial danger of confusing and misleading the factfinder, as well as wasting time. This category of evidence would include emails and other documents from parents and staff members concerning health complaints of people other than Jordan, as well as Jordan's personal unfounded and speculative beliefs as to the cause of other individual's health conditions.

Third, evidence of media reports about the conditions in Sherwood Forest should be excluded. Most of these reports relate to alleged rodent issues in Sherwood Forest in the fall of 2019. The reports are therefore too old and remote to be connected to the allegations of failure to accommodate and retaliation in 2021. Jordan testified at her deposition that she did not make any reports to the media, and the news articles rely on anonymous sources whose accuracy cannot be substantiated.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Defendant, the School Board for the City of Norfolk, respectfully requests that this Honorable Court exclude the Plaintiff's speculative evidence, testimony, and argument, and for all such other relief this Court deems just and proper.

**SCHOOL BOARD OF THE CITY OF NORFOLK,**



/s
Of Counsel

Kristopher McClellan, Esquire (VSB No. 86424)
Assistant City Attorney
Bonnie P. Lane, Esquire (VSB No. 75608)
Assistant City Attorney
City Attorney's Office
810 Union Street
Norfolk, Virginia 23510
Phone: 757-664-4215
Fax:  757-664-4201
kristopher.mcclellan@norfolk.gov
bonnie.lane@norfolk.gov
*Counsel to Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of August 2023, I will electronically file the foregoing

with the Clerk of the Court using the CM/EFC system, which will then send a notification of such

filing (NEF) to the following:

Kevin E. Martingayle, Esquire
Bischoff Martingayle
3704 Pacific Avenue, Suite 300
Virginia Beach, VA 23451
(757) 416-6009 (office)
(757) 428-6982 (facsimile)
martingayle@bischoffmartingayle.com
*Counsel for Plaintiff*

/s
Kristopher R. McClellan, Esquire
Bonnie P. Lane, Esquire
